IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ZECKEYA PERRY                                                                                       PLAINTIFF
ADC # 156241

v.                                        4:23CV00461-JM-JTK

ASA HUTCHINSON, et al.                                                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.      Introduction**

Zeckeya Perry ("Plaintiff") is confined in the Cummins Unit of the Arkansas Division of Correction ("ADC"). He filed this action pro se alleging that the former Governor of the State of Arkansas and numerous Arkansas Division of Correction officials violated his federally protected rights. (Doc. No. 2). Plaintiff also filed a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 1, 3). The Court must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act and in forma pauperis statute.

**II.     Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a

complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).   See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780   F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.   Discussion**

    **A.   Plaintiff's Complaint**

Plaintiff sued Defendants in their personal capacities.   (Doc. No. 2 at 2).   Plaintiff alleges that Defendants were negligent and deliberately indifferent to a serious risk of harm to Plaintiff by failing to take sufficient precautions against the spread of Covid-19 at the Cummins Unit in 2020. Plaintiff specifically complains that a Cummins employee who tested positive for the virus was allowed to return to work sometime in late March to early April, 2020.   (Id. at 4).   Plaintiff further complains that inmates and staff were not adequately tested for the virus or separated based on

Covid-19 test results. (Id. at 6-8). Plaintiff learned on April 24, 2020 that he tested Covid-19 positive. (Id. at 6). Plaintiff says "they started to separate positive and negative cases [as of approximately May 12, 2020], but by that time the impact had been done." (Id.). Plaintiff seeks damages. (Id. at 12).

### B. Statute of Limitations

The limitations period for a § 1983 action is governed by the statute of limitations for personal-injury actions in the state in which the claim accrues. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995). The Eighth Circuit has acknowledged that, in Arkansas, the general personal-injury statute of limitations is three years. See Ketchum v. City of W. Memphis, 974 F.2d 81, 82 (8th Cir. 1992); Morton v. City of Little Rock, 934 F.2d 180, 182–83 (8th Cir. 1991). Therefore, § 1983 claims accruing in Arkansas have a three-year statute of limitations.

Although federal courts look to state law for the length of the limitations period in § 1983 actions, "the accrual date of a § 1983 action is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). "The general rule is that a claim accrues at the time of the plaintiff's injury." Osborn v. United States, 918 F.2d 724, 731 (8th Cir. 1990) (citing Wehrman v. United States, 830 F.2d 1480, 1483 (8th Cir. 1987)).

Plaintiff alleges that Defendants took inadequate precautions in 2020 to prevent the spread of Covid-19 in the Cummins Unit of the ADC. Plaintiff further alleges that as a result of Defendants' deliberate indifference and negligence, Plaintiff became infected with the Covid-19 virus and continues to suffer from its lasting effects.

According to both Plaintiff's statement of claim and an declaration signed by Plaintiff under penalty of perjury on May 31, 2020, Plaintiff was tested for Covid-19 on April 17, 2020.

(Doc. No. 2 at 5, 38). Plaintiff became aware that he tested positive for Covid-19 on April 24, 2020 and was seen by a provider on April 30, 2020. (Id. at 5, 23, 38). Plaintiff wrote grievances in connection with the ADC's Covid-19 precautions, or lack thereof, already in early April 2020. (Id. at 14, 38). Plaintiff's cause of action accrued at the latest on April 24, 2020 when he became aware that he tested positive for Covid-19—allegedly as a result of Defendants' deliberate indifference to a serious risk of harm to Plaintiff. Plaintiff's Complaint in this case was filed on May 11, 2023, when he placed his Complaint in the prison internal mail system. (Doc. No. 2 at 13); Sulik v. Taney County, 316 F.3d 813, 815 (8th Cir. 2003), rev'd on other grounds, 393 F.3d 765 (8th Cir. 2005). Because Plaintiff's case was filed more than three years after his cause of action accrued on April 24, 2020, his claims in this case are barred by the applicable 3-year limitations period.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice as time barred;

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 22nd day of May, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE